IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WANDA RANDOLPH and DENNIS DRAGOTTA, | ) ) ) ) | |
| Plaintiff's, | ) | CIVIL ACTION N0. |
| v. | ) ) | |
| FRIED STEWED NUDE, INC. and M & M Sahawneh LLC, | ) ) ) | _____ |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff's, Wanda Randolph and Dennis Dragotta, hereinafter ("Plaintiff's") by and through the undersigned counsel, and hereby file this Complaint against the Defendants for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181, et. seq, ("the Americans with Disabilities Act"). Plaintiffs state as follows:

### JURISDICTION, PARTIES, AND STANDING

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA") and its implementing regulations. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343.

2. Venue is proper in this Court, the United States District Court for the Southern District Of Alabama, Southern Division, pursuant to Title 28,

[1]

U.S.C. §1391 and the Local Rules of the United States District Court for the Southern District Of Alabama, Southern Division.

3. Plaintiff, Wanda Randolph suffers from Cervical Spinal Stenosis and Radiculitis which confines her to a mobility chair and restricts her ability to use her hands, arms, and legs. The extent of Ms. Randolph's physical problems limit her ability to care for herself, perform manual tasks, walk, stand, lift, bend, grab, twist, and work, all of which are major life activities pursuant to 42 U.S.C. § 12102 (2) (A). Ms. Randolph is, accordingly, disabled pursuant to the Americans with Disabilities Act, in that she suffers a physical impairment substantially limiting one or more major life activities. 42 U.S.C. § 12102 (1) (A); *See also,* 28 C.F.R. § 36.104.

4. Plaintiff, Dennis Dragotta suffers from diabetes and pancreatic and liver cancer. In February of 2015, Mr. Dragotta was diagnosed with a deteriorating spine and suffers from a herniated disc in his back which requires him to use various mobility aids and restricts his ability to use his hands, arms, and legs. The extent of Mr. Dragotta's physical problems limit his ability to care for himself, perform manual tasks, walk, stand, lift, bend, grab, twist, and work, all of which are major life activities pursuant to 42 U.S.C. § 12102 (2) (A). Mr. Dragotta is, accordingly, disabled pursuant to the Americans with Disabilities Act, in that he suffers a physical impairment substantially limiting one or

more major life activities. 42 U.S.C. § 12102 (1) (A); *See also,* 28 C.F.R. § 36.104.

5. Defendants, Fried Stewed Nude, Inc., and M & M Sahawneh LLC, conduct business within the State of Alabama sufficient to create both general and specific <u>in personam</u> jurisdiction. Fried Stewed Nude, Inc, is the operator of the Wintzell's Oyster House ("Wintzell's") And Defendant, M & M Sahawneh LLC, is the owner of the real property and improvements located at 6700 Airport Blvd, Mobile, Alabama 36608 in which Wintzell's is located. The Wintzell's restaurant is a place of public accommodation pursuant to 42 U.S.C. § 12181 (7).

6. All events giving rise to this lawsuit occurred in the Southern District of Alabama, Southern Division and Ms. Randolph and Defendants are citizens thereof. Ms. Randolph and Mr. Dragotta are both citizens and residents of Alabama. Plaintiff's have been throughout all the parking lot at Wintzell's and, from the parking lot to the entrance, into the store itself; throughout the dining area and service counters, and to the restrooms, all of which are described in even greater specificity throughout the Complaint. Ms. Randolph and Mr. Dragotta specifically and definitely intend to continue to go to Wintzell's again. They do not know exactly when they will go back, because they have not planned out every meal for the rest of thier lives. Such specific planning is not necessary to invoke the ADA. See, *e.g.* <u>Parr v. L & L Drive Inn Restaurant</u> 96 F. Supp.2d 1065, 1079 (D. Haw 2000) and <u>Segal v. Rickey's</u>

*Restaurant and Lounge, Inc.* No. 11-61766-cn, (S.D. Fla 2012)("*Specification as to date and time of return to this public accommodation is impossible due to the nature of the event. Fast food patrons visit such restaurants at the spur of the moment*".)

7. Because of the barriers described below in paragraph 17 and throughout the Complaint, Ms. Randolph and Mr. Dragotta have been denied full and equal enjoyment of the Defendant's premises on the basis of thier disability.

8. Ms. Randolph and Mr. Dragotta, accordingly, have standing to pursue this case because (1) they are disabled, pursuant to the statutory and regulatory definition; (2) the Defendant's business is a place of public accommodation; and (3) they been denied full and equal enjoyment of the Defendants' premises on the basis of thier disability. Further, Ms. Randolph and Mr. Dragotta have standing to pursue injunctive relief, as pleaded throughout the Complaint.

## COUNT ONE
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12182(b)(2)(A)(iv) and § 12182(b)(2)(A)(v)

9. On or about July 26, 1990, Congress enacted Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 et.seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. (42 U.S.C. §12181; 20 C.F.R. § 36.508

(A); *See also*, § 36.304).

10. As a result of the enactment of Title III of the ADA on or about July 26, 1990, and the subsequent effective date of this same Act on or about January 26, 1992, the Defendants' violations of this Act are intentional violations of Title III of the Americans with Disabilities Act and intentional acts of discrimination against the Plaintiff.

11. Pursuant to 42 U.S.C. § 12181(7) and 28 C.F.R. § 36.104, Wintzell's Oyster House is a place of public accommodation in that it is a restaurant offering food and drink to the public. Accordingly, it is covered by the ADA and must comply with the Act.

12. The Plaintiffs are informed and believe, and therefore allege that the building was originally constructed in 1985. Since 1985, Defendants have made $77,100.00 of improvements to the building. The Plaintiffs are further informed and believe, and therefore allege that beginning in November 2014 and ending in January 2015 Defendant's made improvements to the bar area that consisted of improving the bar its self and building walls. In 2012 Defendants made improvements to the plumbing features of the facility which includes but is not limited to installing sinks and fixtures. In 2001 Defendants made improvements to the plumbing features of the facility. During the time of 2000 and 2002, Defendants made other improvements to its facility.

13. The Defendants have discriminated, and continue to discriminate, against Ms. Randolph and Mr. Dragotta, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at Wintzell's in derogation of 42 U.S.C. § 12101 et. seq., and as prohibited by 42 U.S.C. § 12182 et-seq., and by failing to remove architectural barriers to access pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv), where such removal is readily achievable, or, even if the removal is not readily achievable, by failing to use alternative methods that are readily achievable, 42 U.S.C. § 12182 (b)(2)(A)(v).

14. As described above, prior to the filing of this lawsuit, Ms. Randolph and Mr. Dragotta visited the facility and were denied full and safe access to all of the benefits, accommodations and services offered to individuals without disabilities within and about the restaurant. Plaintiffs access was inhibited by each of the described architectural barriers detailed in this Complaint which remain at the restaurant in violation of the ADA. Because of the foregoing, Ms. Randolph and Mr. Dragotta have suffered an injury-in-fact in precisely the manner and form that the ADA was enacted to guard against.

15. Ms. Randolph and Mr. Dragotta have definite plans to continue visiting the facility in the future, as described above. Absent remedial action by the Defendants, they will continue to encounter the architectural

barriers described herein and as a result, be discriminated against by Defendants on the basis of thier disabilities. The Eleventh Circuit, held in <u>Houston v. Marod Supermarkets</u>, when architectural barriers have not been remedied *"there is a 100% likelihood that plaintiff... will suffer the alleged injury again when he returns to the store."* Due to the definiteness of Plaintiff's future plans to continue visiting the subject facility, there exists a genuine threat of imminent future injury. The actions of the Defendants have created a hostile environment for the Plaintiff's at the facility.

**16.** Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

**17.** The Defendant's property located at 6700 Airport Blvd, Mobile, Alabama 36608 violates the ADA in the parking lot, the entranceways, from the parking lot to and throughout the dining areas and the retail and service areas, bathrooms, paths of travel, common areas, and in particular but not limited to:

   **a.** The ADA parking spaces are not level;

   **b.** There is no accessible route from the parking lot to the entrance;

   **c.** The ADA parking spaces do not connect to an accessible

route;

d. The ADA parking spaces do not have an access aisle;

e. There is no appropriate signage for the parking spaces;

f. There is no designated ADA van space;

g. There is no curb ramp connecting the space to the entrance;

h. The curb ramps are improperly sloped;

i. The curb ramps do not adjoin an accessible route;

j. The slope of the landing at the entrance is not level;

k. There is no accessible seating at the bar;

l. As to the women's restroom:

   i. There is no wheelchair accessible toilet compartment;

   ii. The side wall grab bar is too short;

   iii. There is no rear wall grab bar;

   iv. The water closet is too far from the side wall;

   v. There is no signage identifying the accessible restroom;

   vi. The toilet compartment door is not self-closing;

   vii. The toilet compartment door does not have door pulls located on both sides;

   viii. The toilet paper dispenser is not far enough above the

    side wall grab bar;

   **ix.** The drain pipes under the sink fail to be insulated;

   **x.** The mirror above the sink is too high;

   **xi.** The baby changing table is too high;

   **xii.** Both of the paper towel dispensers are too high;

   **xiii.** The coat hook is too high;

 **m.** As to the Men's restroom:

   **i.** There is no wheelchair accessible toilet compartment;

   **ii.** There is no rear wall grab bar;

   **iii.** The side wall grab bar is too short;

   **iv.** The toilet compartment is too small;

   **v.** The toilet compartment door is not self-closing;

   **vi.** The door does not have door pulls on both sides;

   **vii.** The toilet is too low to the ground;

   **viii.** There is no signage identifying the ADA accessible restroom.

**18.** To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA. Remediation is both readily achievable and technically feasible.

19. Ms. Randolph and Mr. Dragotta have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

20. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the discriminating facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the facility until the requisite modifications are completed.

## COUNT TWO
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12182(b)(2)(A)(ii)

21. Ms. Randolph and Mr. Dragotta re-allege paragraphs 1-20 above.

22. Defendant Fried Stewed Nude, Inc., and Defendant M & M Sahawneh LLC, have failed to make reasonable modifications in their policies, practices, and procedures that are necessary to afford their goods, services, facilities, privileges, advantages, or accommodations to individuals with restricted mobility; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals, 42 U.S.C. § 12182(b)(2)(A), have discriminated against Ms. Randolph and Mr. Dragotta in violation of these provisions.

23. Defendants have no policies, practices, or procedures, or else they have failed to implement them, to ensure compliance at this facility with ADA Title III barrier removal, and to further effectuate that any barrier removal is permanent.

24. Defendants existing policies, practices, and procedures prevent the removal of ADA Title III barriers and do not effectuate the permanent removal of the barriers.

25. Defendants existing policies, practices, and procedures both in effect and/or explicitly call for remediation of ADA Title III barriers only upon demand by the disabled and the policies lack or reject any initiative in compliance-seeking with ADA Title III barrier laws and regulations absent demand by the disabled. Defendants existing policies, practices, and procedures will continue to discriminate against individuals with restricted mobility.

26. A reasonable modification in the policies, practices, and procedures described above will not fundamentally alter the nature of such goods, services, facilities, privileges, advantages, and accommodations.

27. Ms. Randolph and Mr. Dragotta have been obligated to retain the undersigned counsel for the filing and prosecution of this action. They are entitled to have their reasonable attorney's fees, costs and expenses paid by the Defendants pursuant to 42 U.S.C. § 12205.

28. Pursuant to 42 U.S.C. § 12188 this Court is authorized to enjoin these illegal policies, practices, and procedures.

**WHEREFORE**, premises considered, Ms. Randolph and Mr. Dragotta demand judgment against the Defendants on counts one and two and request the following injunctive and declaratory relief:

1. That the Court declare that the property owned and business operated by the Defendants are violative of the ADA;

2. That the Court enter an Order directing the Defendants to alter their facility to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

3. That the Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices, and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

4. That the Court award reasonable attorney's fees, costs, (including expert fees) and other expenses of suit, to Plaintiffs; and

5. That the Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted, this the 7th Day of May, 2015.

/s/ *[signature]*
**L. LANDIS SEXTON**
**BPR # AL-5057N71L**
The ADA Group LLC
2047 Carter Hill Road
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
LLS@ADA-Firm.com
*Attorney for the Plaintiff*

[13]

## CERTIFICATE OF SERVICE

This is to certify that I have this day filed with the Clerk of Court the aforementioned Complaint for service of process in accordance with Local Rule 4.1, all on this 7th day of May, 2015 to the following:

FRIED STEWED NUDE, INC.
C/O ROBERT OMAINSKY
ATTN: REGISTERED AGENT
501 SPRINGPARK DRIVE, EAST
MOBILE, AL 36608

M & M SAHAWNEH LLC
C/O MAZEN SAHAWNEH
ATTN: REGISTERED AGENT
1209 GOVERNMENT STREET
MOBILE, AL 36604

/s/ *[signature]*
**L. LANDIS SEXTON**
**BPR # AL-5057N71L**
The ADA Group LLC
2047 Carter Hill Road
Montgomery, Alabama 36106
334.819.4030 p
334.819.4032 f
LLS@ADA-Firm.com
*Attorney for the Plaintiff*